```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| SHAZEE DE ALWIS,        )<br>        Plaintiff,   )<br>                         )     CIVIL ACTION<br>     v.                  )     NO. 23-11714-WGY<br>                         )<br>JAMES NEYMAN,            )<br>        Defendant,   )<br>                         ) |  |

YOUNG, D.J.                                          September 7, 2023

**ORDER**

On July 28, 2023, <u>pro se</u> litigant Shazee De Alwis filed a complaint accompanied by an application to proceed in district court without prepaying fees or costs. <u>See</u> Doc. Nos. 1, 2. Plaintiff filed her complaint on the preprinted Pro Se 1 form provided by the Administrative Office of the United States Courts. <u>See</u> Doc. No. 1. Plaintiff is currently homeless and she provides a mailing address in Boston. Named as the sole defendant is a Boston attorney who represented plaintiff in her case against her former employer. The form complaint is incomplete and has numerous documents attached including a statement of claim in the form of a five-page letter to the Court. Plaintiff contends that the settlement payment sent by the defendant attorney was short by $4,581. On the civil cover sheet accompanying the complaint, plaintiff states that the cause of action is "fraud." Doc. No. 1-1, Civil Cover Sheet.

On August 11, 2023, plaintiff filed a letter accompanied by forty-pages of additional documents in support of her case and motion to waive the filing fee.  Doc. No. 4.

The Court has an independent obligation to inquire, sua sponte, into its subject-matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). It is long-settled that "[t]he party invoking federal jurisdiction has the burden of establishing that the court has subject matter jurisdiction over the case."  Amoche v. Guar. Trust Life Ins. Co., 556 F.3d 41, 48 (1st Cir. 2009) (citing cases).

When a plaintiff proceeds without legal representation, the Court must construe that plaintiff's complaint liberally.  See Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004). Even so, the Court must dismiss a complaint when it lacks subject-matter jurisdiction.

To invoke this Court's subject-matter jurisdiction, plaintiff must allege either that this action raises a federal question, in that the cause of action arises under federal law, or that this Court has diversity jurisdiction over the matter. See 28 U.S.C. § 1331 (federal question) and § 1332 (diversity). To establish diversity jurisdiction, plaintiff must assert that

[2]

the parties are citizens of different states, see id. at § 1332(a)(1), and that the amount in controversy in this action exceeds $75,000. See id. at § 1332(b).

Here, the complaint does not set forth any federal question pursuant to 28 U.S.C. § 1331.  Plaintiff has not identified a cause of action under federal law and her claim of fraud arises under state law.  Given that both parties are located in Massachusetts, this Court is without diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Even if diversity of citizenship existed, there is no basis to find that the amount in controversy exceeds $75,000.  Thus, this Court does not have jurisdiction over the instant action based upon federal question or diversity jurisdiction.

Based upon the foregoing, this action is DISMISSED pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

**SO ORDERED.**

                                           /s/ William G. Young
                                           WILLIAM G. YOUNG
                                           UNITED STATES DISTRICT JUDGE